NAMI E SON (SBN 184258)
1625 The Alameda, Suite 307
San Jose, CA 95126
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

In re

KEITH KI YOUNG LEE,

DEBTOR.

Case No.: 11-55705-ASW
Chapter 13
R.S. No. PK-374

RESPONSE TO MOTION FOR RELIEF
FROM AUTOMATIC STAY AND
CODEBTOR STAY

DATE: OCTOBER 5, 2011
TIME: 2:15 PM
ROOM: 3020

KEITH KI YOUNG LEE, debtor in the above-captioned case ("debtor"), by its undersigned counsel, states in response to the Motion For Relief From automatic Stay and Codebtor Stay ("Motion") filed by US BANK NATIONAL ASSOCIATION, AS GRANTOR TRUSTEE FOR THE HOLDERS OF BEAR STEARNS ARM TRUST, GRANTOR TRUST CERTIFICATES, SERIES, SERIES 2005-2 (the "movant" or "lender") as follows:

1. Debtor filed this Chapter 13 Bankruptcy on June 16, 2011. The main reason debtor filed this bankruptcy was to save his primary residence securing the lender's debt.

2. Debtor's residence located at 109 John Kirk Court, Campbell, CA 95008 (the "real property") has first Deed of Trust securing a Note signed by debtor and his wife Jin Hee Lee in the principal sum of $390,000.00 for Wells Fargo Home Mortgage ("Wells Fargo").

3. Pursuant to the Note, debtor made monthly principal and interest payment until Wells Fargo increased the amount from $1,947.22 to $3,156 in August 2010. Wells Fargo increased the monthly payment amount after paying property tax for debtor. However, while attempting and applying for a modification to reduce the monthly payment obligation back to the payment amount under the Note, debtor continued to make monthly payments from September 2010 to May 2011 totaling $16,500. Thus, the movant's allegation that Debtor failed to make monthly payments since September 1, 2010 is untrue.

4. The real property has second Deed of Trust which secures indebtedness totaling about $99,381.75.

5. The value of the real property is more than the total amount of debt for which the real property serves as collateral, and the debtor has equity in the real property.

6. The movant or the lender is adequately protected, and affirmatively states that movant has a first priority Deed of Trust on the real property that secures an indebtedness of only about $350,000.00 whereas the value of the real property is $550,000, which exceeds movant's secured claim by $200,000.00. Thus the cushion of value far in excess of movant's debt provides movant with adequate protection.

7. The real property is necessary to an effective reorganization inasmuch as it is the debtor's principal resident and debtor's only asset with equity value.

8. Cause does not exist to grant relief to movant from the automatic stay, inasmuch as certain factual allegations made in the motion are untrue. Debtor applied for a loan modification in May 2010, through CredAitily, an agent recommended by Wells Fargo prior to bankruptcy filing. By filing a loan modification with Wells Fargo, debtor wanted to reduce the increased monthly payment from $3,150.00 to the amount that debtor used to pay. The loan modification application was submitted in May 2010 and was pending at the time of filing bankruptcy. Pending a loan modification, debtor made monthly payments to Wells Fargo and the payments made from September 2010 to May 12, 2011 amounts to $16,500.00, which is not reflected in the moving paper. The real property is occupied by debtor and his family, and is being properly maintained. In September 2011, debtor made the monthly payment in the amount of $2,157.06.

Therefore, debtor respectfully requests that this court deny the motion and grant movant no relief and further deny movant's request for attorneys fees and costs.

Dated this October 2, 2011

/s/ NAMI E SON
Attorney for Debtor